**In re PRAY DRILLING CO.**

No. 8198.

District Court, E. D. Illinois.

Oct. 11, 1941.

Dowell & Dowell, of Salem, Ill., for petitioning creditors.

J. Ivan Cole, of Mount Vernon, Ill., for alleged bankrupt.

WHAM, District Judge.

The involuntary petition of the creditors was insufficient in that it contained no allegation of the insolvency of the alleged bankrupt at the time the petition was filed or at the time of the commission of the alleged acts of bankruptcy which were dependent on insolvency in one case and insolvency or inability to pay debts in the other. The alleged bankrupt instead of attacking the sufficiency of the petition by motion to dismiss chose to answer, denying the acts of bankruptcy alleged in the petition, denying that it was indebted to Spencer L. Halverson of Benton, Illinois, one of the petitioning creditors and denying that it was insolvent at the time the answer was filed.

The petition and answer were referred to the referee and after due notice a hearing thereon was held. The referee has reported the case back to the court with findings that the alleged acts of bankruptcy were proved but that insolvency was not proved. In his report he makes the following statement: "The answer submitted by the alleged bankrupt makes a general denial as to the commitment of the act of bankruptcy and denial that one of the petitioning creditors holds a valid demand against the respondent. In neither the petition or the answer is the question of solvency of the alleged bankrupt mentioned or questioned." Though the alleged bankrupt was present in court with counsel no evidence was offered on its behalf. The referee found, in effect, that the alleged bankrupt was indebted to each of the petitioning creditors in a fixed sum and that each was a qualified petitioning creditor. The referee's conclusions were as follows:

"Your Referee is of the opinion that the petition in itself is at fault in that there is no insolvency of the Debtor alleged, either at the time of the appointment and qualification of a Receiver, or the procurement of a judgment in Fayette County, Illinois, but in as much as the question of insolvency is not raised by petition, answer or evidence offered, and no defense is offered on the part of the alleged bankrupt, the record stands as if no answer was filed and a default decree should be entered. No evidence is submitted that is in any way con-

146

trolling as to the judgment in the Circuit Court of Fayette County, being taken at a time when the alleged bankrupt was insolvent.

"Under this record, I respectfully submit to your Honor that it should be considered as a default cause, and that The Pray Drilling Company, a Corporation, be adjudged a bankrupt."

Alleged bankrupt filed its exceptions to the report of the referee and the matter came on for hearing before me on said exceptions. At the hearing the petitioning creditors tendered an amendment to the petition alleging the insolvency of the alleged bankrupt at the time of the commission of the alleged acts of bankruptcy, insisted that the amendment relate back to the time that the petition was filed and that adjudication be entered. The alleged bankrupt objected to the amendment being received, and insisted that in view of the insufficiency of the original petition and of the evidence in that neither showed the insolvency of the alleged bankrupt adjudication should be denied and the petition dismissed.

The petitioning creditors also filed petition for appointment of a receiver.

The matter was taken under advisement and after consideration I have come to the following conclusions:

(1) The referee was not altogether correct in his statement that the answer did not refer to the matter of the insolvency of the alleged bankrupt. The issue of insolvency having been tendered by the answer, though awkwardly, I think perhaps the recommendation of adjudication might be proper had there been any substantial evidence of insolvency in the proof. In the absence of any proof of insolvency and in the absence of a sufficient petition there can be no adjudication at this time either by default or otherwise.

(2) The Bankruptcy Act, 11 U.S. C.A. § 1 et seq., is very liberal in its provision for amendments of the petition and schedules and the amendment tendered by the petitioning creditors will be filed as of October 10, 1941, the date it was tendered. The alleged bankrupt cannot be injured thereby since it tendered the issue of insolvency in its original answer.

(3) The very inadequate petition of the petitioning creditors for the appointment of a receiver was not accompanied by any tender of a petitioning creditors' bond and is, therefore, denied.

The alleged bankrupt may plead to or answer the petition as amended within five days, that is on or before October 17, if it so desires.